IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARK OTIS BOATWRIGHT,<br><br>                            Petitioner<br><br>VS.<br><br>ANTHONY WASHINGTON, Warden,<br><br>                            Respondent | NO. 5:07-CV-338 (MTT)<br><br><br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is Mark Otis Boatwright's petition seeking habeas corpus relief pursuant to the provisions of 28 U.S.C. §2254. Tabs #1, #8, and #15. Therein, the petitioner asserts numerous grounds for relief. After being served with this action, respondent Warden Anthony Washington filed a response to the petitioner's claims as well as numerous exhibits. Tabs #18 and #20. After careful consideration, the undersigned recommends that this petition be **DENIED**.

### PROCEDURAL HISTORY

On September 24, 2003, petitioner Mark Otis Boatwright was convicted by a Bibb County, Georgia jury on one count of aggravated assault and two counts of simple battery. He was sentenced on the aggravated assault count to a split sentence of fifteen (15) years, to serve eight (8), and twenty-four (24) months' probation on the two counts of simple battery.

On October 13, 2003, petitioner Boatwright filed a Motion for a New Trial. Therein, he alleged that the State failed to prove guilt beyond a reasonable doubt and that the evidence was sufficiently close to warrant a new trial. On May 12, 2004, the petitioner filed an Amended Motion for New Trial. Therein, he enumerated the following errors:

1. *the trial court erred in disallowing the production of certain emergency room medical records;*

2. *the trial court erred in overruling his objection to the introduction of certain medical testimony;*

3. *the evidence was insufficient to find him guilty beyond a reasonable doubt;*

4. *the trial court erred by not finding trial counsel ineffective for failing to move for a continuance, failing to request a medical evaluation of petitioner, and failing to have a witness, Deputy Warren, appear at trial; and,*

5. *the trial court erred by appointing a new attorney for the petitioner while his speedy trial demand was pending.*

On May 24, 2004, the trial court denied the petitioner's Motion for New Trial and Amended Motion for New Trial. On May 28, 2004, the petitioner filed a direct appeal. Therein, he enumerated the following errors:

1. *the evidence was insufficient to support the aggravated assault conviction;*

2. *the aggravated assault count of the indictment was fatally flawed because it failed to allege the manner in which petitioner's fists were used to cause serious bodily injury or how they served as a deadly weapon;*

3. *the trial court erred by refusing to require the hospital where one of the victims was treated to release all of his medical records;*

4. *the trial court erred by allowing the victim to testify about his injuries;*

5. *the trial court erred by appointing a new attorney to petitioner while his speedy trial demand was pending; and,*

6. *the trial court erred by not finding trial counsel ineffective for failing to move for a continuance, failing to request a medical evaluation of petitioner, and failing to have a witness, Deputy Warren, appear at trial.*

After considering the appeal, the Georgia Court of Appeals concluded that the issues raised therein by the petitioner lacked merit. Consequently, on August 30, 2005, petitioner Boatwright's convictions and sentence were affirmed. *See Boatwright v. State*, 275 Ga. App. 274, 620 S.E.2d 491 (2005).

On May 17, 2006, the petitioner executed a **state** habeas corpus petition in the Superior Court of Johnson County, Georgia. Therein, he sought relief on the following seven (7) grounds:

1. *ineffective assistance of appellate counsel in that appellate counsel failed to raise trial counsel's ineffectiveness for failing to contend that petitioner's case should have been dismissed because two terms of court had expired;*

2. *ineffective assistance of appellate counsel in that appellate counsel failed to raise trial counsel's ineffectiveness for failing to contend that the State did not follow the rules of law with respect to nolle prosequi, and that the judgment therefore is void;*

3. *violation of double jeopardy in that the state indicted him for two (2) counts of aggravated assault, one (1) count of terrorristic threats, and one (1) count of simple battery all based upon the same conduct.*

4. *ineffective assistance of appellate counsel in that appellate counsel failed to raise trial counsel's ineffectiveness for failing to file a request to charge on the defense of justification;*

5. *ineffective assistance of appellate counsel in that appellate counsel failed to raise trial counsel's ineffectiveness for failing to move for a Jackson-Denno hearing.*

6. *ineffective assistance of appellate counsel in that appellate counsel failed to raise trial counsel's ineffectiveness for failing to move for dismissal upon the state's failure to comply with a speedy trial demand; and*

7. *ineffective assistance of appellate counsel in that appellate counsel failed to raise trial counsel's ineffectiveness for filing a notice of conflicts which resulted in the petitioner's case being tried at a later date.*

Following an evidentiary hearing held on October 6, 2006, the **state** habeas corpus court on March 12, 2007, denied relief. On July 13, 2007, the Georgia Supreme Court denied the petitioner's application for a certificate of probable cause to appeal the denial. On July 26, 2007, the petitioner's filed motion for reconsideration which was also denied. Thereafter, on August 30, 2007, he executed the instant **federal** habeas corpus petition challenging his Bibb County convictions. Tab #1.

In his original petition, petitioner Boatwright raised the following six (6) grounds for relief:

1. *ineffective assistance of counsel in that appellate counsel failed to raise trial counsel's ineffectiveness for failing to contend that petitioner's case should have been dismissed because two terms of court had expired;*

2. *ineffective assistance of counsel in that appellate counsel failed to raise trial counsel's ineffectiveness for failing to contend that the State did not follow the rules of law with respect to nolle prosequi, and that the judgment therefore is void;*

3. *the trial court was without jurisdiction to prosecute petitioner in violation of the substantive aspect of double jeopardy with respect to the lesser included offense;*

4. *ineffective assistance of counsel in that appellate counsel failed to raise trial counsel's ineffectiveness for failing to file a request to charge on the defense of justification;*

5. *ineffective assistance of counsel in that appellate counsel failed to raise trial counsel's ineffectiveness for failing to move for a Jackson-Denno hearing;*

6. *ineffective assistance of counsel in that appellate counsel failed to conduct an adequate inquiry regarding trial counsel's potential conflict of interest and the resulting waiver of petitioner's speedy trial demand.*

Thereafter, the petitioner amended his petition (Tab #8) by adding several unenumerated grounds for relief, to-wit:

1. *the trial court erred by dismissing the first initial indictment without specifying whether it was a dismissal with or without prejudice;*

2. *the trial court erred when it allowed the state to enter and use illegal evidence at trial;*

3. *the trial court erred when it allowed the State to arraign petitioner twice;*

4. *the trial court erred when it dismissed the jury before the verdict was read in open court and petitioner's sentence "was already premeditated";*

5. *the trial court erred when it went beyond the period of time the law allows once a demand for a speedy trial has been filed;*

6. *the trial court erred when it denied petitioner's motion to dismiss due to a speedy trial violation;*

7. *the State violated petitioner's fourth amendment rights because a warrant application must contain a truthful factual showing of probable cause and petitioner was not arrested for "aggravated assault with iron bedrail";*

8. *petitioner was not read his Miranda rights when he was arrested;*

9. *the State failed to issue petitioner's Miranda warnings upon the initial arrest and the arresting officer stated that petitioner was being arrested for a state court violation, etc.;*

10. *the State failed to issue to petitioner the first initial indictment within 30 days after his initial arrest/charge, and to have that indictment entered upon the minutes of the court;*

11. *the State failed to turn over to petitioner the first initial indictment, accusation, or presentment, where the State nolle prossed the indictment without the petitioner's consent;*

12. *the State disallowed petitioner a complete and meaningful certified copy of the court transcripts, and non-transcribed proceedings, and any existing transcripts during petitioner's appeals;*

13. *Petitioner was deprived of his sixth amendment right to confrontation to be present at all proceedings during his trial, so that he could object to the State's witness testimony, statements, and evidence, used against him in a timely manner;*

14. *appellate counsel alleged that petitioner's case was a "high profile case" and appellate counsel already knew that petitioner's case was premeditated;*

15. *the State failed to release petitioner on his own recognizance;*

16. *the State selected a fixed jury panel, where there was a stealth juror, an ex-prosecutor, thus rendering the jury unconstitutionally selected and impaneled;*

17. *the State kidnaped petitioner and conspired along with other sources to trump up the charges to avoid liability for a previous personal injury tort claim;*

18. *appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for filing a notice of conflict of interest one week before the two terms of court statute expired, without petitioner's consent, waiving petitioner's demand for a speedy trial;*

19. *appellate counsel was ineffective for failing to file other meritorious grounds;*

20. *petitioner was without competent legal assistance during a calendar call hearing on July 10, 2003; and*

21. *trial counsel was ineffective for violating petitioner's right against self-incrimination, where trial counsel influenced and advised petitioner to testify at trial.*

Finally, within a motion seeking leave to amend (Tab #15), petitioner Boatwright asserted that his "appellate counsel rendered ineffective assistance for having failed to raise ineffectiveness claims against trial counsel: fact-rendering the trial court's subsequent order a nullity as entered without subject matter jurisdiction."

## **FACTUAL BACKGROUND**

In its decision on the petitioner's direct appeal, the Georgia Court of Appeals recited the facts of this case as follows:

> *Viewed in a light most favorable to the verdict, the evidence shows that on the night of November 13, 2002, Anthony [Petitioner's brother] and Boatwright went to the home of their mother, Dolly Farrow. Anthony stayed outside while Boatwright went inside the house. In the kitchen, Boatwright got into an argument with his mother. He threatened to hit her, threw the telephone against the wall, threw a chair and broke a leg off the dining room table. Boatwright then hit his mother in the chest with his fist, knocking her to the floor.*
>
> *Robert Jordan, Jr., who was 66 years old and lived with Farrow, came into the kitchen to help Farrow. Boatwright struck Jordan on the head with his fists, knocking him down and causing him to bleed profusely from his head. Boatwright then threatened to hit Jordan with a baseball bat.*
>
> *Jordan and Farrow ran from the house, and Boatwright came out after them wielding a bed rail. He swung the bed rail at Jordan, who was able to stop it with his hand. During the struggle, Jordan pulled a pocketknife from his pants and cut Boatwright on the hand. Boatwright yelled to Anthony that he had been cut and for his brother to kill Jordan. Anthony then picked up a concrete brick and hit Jordan with it. Boatwright threatened to burn down the house and kill Jordan. He and Anthony then fled from the scene, and were later apprehended by police.*

*Boatwright*, 275 Ga. App. at 274-75.

## **NEED FOR AN EVIDENTIARY HEARING**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a review of the file, and in light of the fact statement cited above, the undersigned finds that an evidentiary hearing is not warranted in this case.

## **LEGAL STANDARDS**

Pursuant to the provisions of 28 U.S.C. § 2254(d), this court will not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

### FACTUAL PRESUMPTION OF CORRECTNESS

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**DISCUSSION**

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In grounds one, two, four, five, and six of his original **federal** petition, as well as paragraph 18 of his amended petition, petitioner Boatwright alleges that he received ineffective assistance of appellate counsel on appeal. After reviewing the record in this case, the undersigned notes that all of these claims were raised by the petitioner in his **state** habeas corpus petition. There, it appears that each of these claims was considered and then found to be without merit.

Because the claims were considered on the merits by the state habeas corpus court, the undersigned must defer to that judgment unless one of two conditions is established: the state-court adjudication resulted in a decision that (1) "was contrary to clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C.A. § 2254(d)(1).

After a careful review, the undersigned observes that, in adjudicating these claims, the state appellate court correctly identified and properly applied the appropriate legal standard as is set forth in the case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1] Consequently, the undersigned finds that the decision of the **state** habeas corpus court was neither contrary to nor an unreasonable application of Federal law. Accordingly, and pursuant to the provisions of 28 U.S.C. § 2254(d), it appears that the petitioner is not entitled to **federal** habeas corpus relief on his claims of ineffective assistance of appellate counsel.

---

[1] This standard requires a party alleging ineffective assistance of counsel to show that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result thereof.

PROCEDURALLY DEFAULTED CLAIMS

The United States Supreme Court has held that when a defendant is barred from raising a federal constitutional claim in the state courts because of his failure to follow the state's procedural rules, he is also barred from raising the claim in his federal habeas petition absent a showing of cause for, and actual prejudice from, the procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The procedural rules which operate to bar a petitioner from raising a federal constitutional claim in Georgia's courts are codified in O.C.G.A. § 9-14-48(d) and O.C.G.A. § 9-14-51. The former governs a petitioner's initial state habeas corpus petition and the latter any second or subsequently filed petitions. In pertinent part, O.C.G.A. § 9-14-48(d) provides as follows:

> *The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.*

Likewise, and also in pertinent part, O.C.G.A. § 9-14-51, provides:

> *All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.*

Relying in part upon the above statutes, and in support of his response to the instant petition, the respondent argues that ground three of the petitioner's original **federal** petition, as well as all of the additional unenumerated grounds raised by amendment are procedurally defaulted. In support of this assertion, the respondent proceeds by dividing these grounds into two groups and addressing each separately.

In ground three of the original petition, the petitioner alleges violation of double jeopardy in that the state indicted him on two (2) counts of aggravated assault, one (1) count of making terroristic threats, and one (1) count of simple battery all based upon the same conduct. According to the respondent, petitioner Boatwright first raised this claim in his **state** habeas corpus action. Upon its review of this ground, the **state** court determined that, because the claim had not been raised by the petitioner on direct appeal, it was procedurally defaulted in accordance with the provisions of O.C.G.A. § 9-14-48(d). For this reason, and relying upon the standards set forth in *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), the respondent argues that this Court should defer to the state habeas corpus court's ruling and deny relief on this ground.

With respect to the remaining grounds, the respondent argues that these grounds are also procedurally defaulted under Georgia's successive petition rule as set out in O.C.G.A. § 9-14-51. To support this assertion, the respondent notes that none of these grounds were raised in the petitioner's **state** habeas corpus case and, were they to be raised in a second state habeas corpus petition, they would clearly be deemed successive by the state courts. *See Chambers v. Thompson*, 150 F.3d at 1327. As a result, the respondent contends that this Court should find these grounds to be defaulted and deny the petitioner relief thereon.

Having reviewed the record in this case along with the respondent's arguments and the pertinent provisions of O.C.G.A. § 9-14-51, the undersigned agrees with the respondent's argument that ground three of the petitioner's original **federal** petition, as well as all of the additional unenumerated grounds raised by amendment are procedurally defaulted. As such, and in view of the petitioner's failure to show cause for, and actual prejudice from these procedural defaults, the undersigned concludes that relief upon these grounds should be denied.

## CONCLUSION

In accordance with the above, IT IS RECOMMENDED that the petition of Mark Otis Boatwright seeking relief under the provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 26th day of AUGUST, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE